UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10260-RGS

UNITED STATES OF AMERICA

v.

JANE M. BRIGHTMAN

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

August 4, 2015

STEARNS, D.J.

The United States of America brings this lawsuit to collect unpaid federal income taxes owed by Jane M. Brightman for the years 2001, 2003, 2004, 2005, 2006, and 2007, in the amount of $140,367.49, plus interest. The United States now moves for summary judgment. Brightman, represented by counsel, has filed no opposition.

## BACKGROUND

The Internal Revenue Service (IRS) assessed Brightman's unpaid tax balance, including all statutory additions and credits, as $90.00 for 2001; $50,886.84 for 2003; $20,088.17 for 2004; $40,094.30 for 2005; $23,757.95 for 2006; and $5,540.23 for 2007. The IRS has sent the

appropriate assessments and requests for payment to Brightman, but she has failed (or refused) to pay.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). The non-moving party, however, is given the benefit of all favorable inferences, *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988), and "when the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." *Coyne v. Taber Partners I*, 53 F.3d 454, 460 (1st Cir. 1995).

In tax litigation, "the taxpayer bears the burden to refute by a preponderance of the evidence the [IRS's] determination of deficiency, which is presumed to be correct." *Estate of Abraham v. Comm'r*, 408 F.3d 26, 35 (1st Cir. 2005). The United States has provided a Certificate of Assessments, Payments, and Other Specified Matters for each year, which

are "presumed correct" as to the date and amount of assessment. *United States v. Hughes*, 44 F. Supp. 3d 169, 171 (D. Mass. 2014). Brightman, on the other hand, has failed to satisfy her burden of presenting evidence that contradicts the certificates. *See Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) ("The nonmoving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of material fact."). Brightman has also failed to respond to the United States' motion for summary judgment. While Brightman's silence is not "fatal," she has ultimately failed to proffer any countervailing facts sufficient to raise a genuine issue of material fact. *See United States v. Veideman*, 2008 WL 2609390, at *3 (D. Mass. June 9, 2008).

## ORDER

For the foregoing reasons, summary judgment is granted to the United States in the amount of $140,367.49, plus interest and other statutory additions accruing from and after November 24, 2014, at the rate specified by 26 U.S.C. §§ 6621 and 6622. The government will submit a proposed form of judgment within ten days. The Clerk may now close this case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

3